UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrius Marquis Frazier, | ) C/A No. 4:15-3609-GRA-TER |
| Plaintiff, | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Michael C. Foster and Raymond Loyd Wiggins, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution (PCI). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges that on September 27, 2012, he was out working with the Aiken City Recycle Labor Crew when the trash truck in which he and Defendant Raymond Wiggins were seated was hit from behind by another vehicle driven by Defendant Michael C. Foster. Plaintiff indicates that he was transported to Doctor's Care and had x-rays taken there and received a prescription for naproxen. Plaintiff also received x-rays at Kirkland Correctional Institution, and received ibuprofen from a sick call visit at Trenton Correctional Institution. He indicates that he has continued problems with back and neck pain to date as a result of the automobile accident. Plaintiff seeks monetary damages.

1

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B) (I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

B.     Analysis

After careful review and consideration, plaintiff's complaint is subject to summary dismissal without service of process. First, a review of Plaintiff's complaint shows that the most obvious deficiency is the lack of any "state action" in the alleged actions by Defendant Foster. *See*, *e.g.*, *Mitchell v. Chontos*, 756 F.Supp. 243, 247-248 (D.S.C. 1990). Second, it appears to this court that any actions taken by either Defendant did not deprive the Plaintiff of any constitutional right.

As Judge Wilkinson has explained: "In the context of constitutional claims under 42 U.S.C. § 1983, which expressly applies to individuals acting 'under color of' state law, courts have recognized the need to limit the liability of private persons through application of the 'state action' doctrine." *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006), *quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982). "Under this doctrine, we 'insist[]' as a prerequisite to liability 'that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.' *Holly*, 434 F.3d at 292, quoting *Lugar*, 452 U.S. at 937. "By doing so, we maintain the Bill of Rights as a shield that protects private citizens from the excesses of government, rather than a sword that they may use to impose liability upon one another." *Holly*, 434 F.3d at 292, citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972). The Fourth Circuit has recognized that there is 'no specific formula' for determining whether state action is present. *Holly*, 434 F.3d at 292, *quoting Hicks v. S. Md. Health Sys. Agency*, 737 F.2d 399, 402 n. 3 (4th Cir. 1984) (internal quotation marks omitted). "What is fairly attributable [to the state] is a matter of normative judgment, and the criteria lack rigid simplicity." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). While a variety of factors may bear upon the inquiry, none is individually dispositive; instead, they serve to inform an evaluation of the "totality of the circumstances." *Goldstein v. Chestnut Ridge*

3

*Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000); *see also Mentavlos v. Anderson*, 249 F.3d 301, 311-12 (4th Cir. 2001) (cataloging various approaches to determining state action).

In the present case, the alleged action of Michael C. Foster cannot be said to be of a sufficiently 'state character' to create constitutional liability. There are no allegations that Defendant Foster was a state official, state employee, or connected to the state government in any way that would cause this court to consider him to be a "state actor." Instead, Defendant Foster only came into contact with Plaintiff while he was operating an automobile in a his role as a private citizen while driving on public thoroughfares. In the present case, Plaintiff cannot state a Section 1983 claim against Defendant Foster under any facts as set forth in the complaint. Thus, the court recommends, that Defendant Foster be summarily dismissed from this case.

Furthermore, the case should be summarily dismissed in its entirety because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction. *See* 28 U.S.C. § 1332. The claims that the plaintiff attempts to state against defendants are state law negligence claims, not federal causes of action. *See, e.g.*, *Bloom v. Ravoira*, 529 S.E.2d 710 (S.C. 2000)(negligence).[1]  To state a claim under § 1983, a plaintiff must

---

[1] With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Even if liberally construed to allege a claim for deliberate indifference, neither of the defendants named have been involved in Plaintiff's medical care, and would not be amenable to suit due to lack of any personal involvement. Furthermore, Plaintiff's complaint clearly indicates that Plaintiff has received medical attention for his medical issues, specifically his back and neck pain. He has been seen by medical professionals, had x-rays taken, and has received prescription and non-prescription strength medications. As such, Plaintiff's claim does not rise to the level of deliberate indifference to a serious medical need. At best, Plaintiff's allegations may be interpreted as an action for negligent or incorrect medical treatment. As indicated above, negligence claims, including mal-practice claims are not cognizable under 42 U.S.C. § 1983. See <u>Estelle v. Gamble</u>, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. §

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Federal actions for damages against state actors[2] pursuant to 28 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989). The mere fortuity that the automobile accident occurred while Plaintiff was a state prisoner does not vest Plaintiff with a right to federal adjudication of what is essentially a state common law tort claim, and petitioner's allegations of negligence in connection with an automobile accident make out nothing more than a common law tort. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Baker v. McCollan, 443 U.S. 97 (1976). Although this court could consider a negligence action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, *see Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D. S.C. 1992), all of the parties named in the Complaint in this case appear to be citizens of South Carolina, such that any state law claims raised in the complaint are subject to dismissal for lack of subject matter jurisdiction. Plaintiff fails to allege facts which would suggest that diversity is present in this case.

---

1983). As the factual allegations in Plaintiff's complaint fail to state a cognizable claim of deliberate indifference, and negligence is not actionable under § 1983, Plaintiff's case is subject to summary dismissal.

[2]The Court will assume, without deciding, for purposes of initial review that Defendant Wiggins may possibly be considered a state actor.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the complaint without prejudice and without issuance and service of process based upon plaintiff's failure to state a federal question claim on which relief may be granted.

IT IS SO RECOMMENDED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 28, 2015  
Florence, South Carolina

**The plaintiff's attention is directed to the Notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).